KSC/10.08.24
JGO: USAO#2024R00377

FILED ___ ENTERED
LOGGED ___ RECEIVED

OCT - 9 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERRICK NUTTER,<br>KHRISTINA WILLIAMS,<br><br>Defendants. | CRIMINAL NO. GLR 24cr297<br><br>(Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, 21 U.S.C. § 846; Possession with the Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1); Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g); Aiding & Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE

(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

From on or about July 25, 2024 and continuing until on or about September 10, 2024, in the District of Maryland and elsewhere, the defendants,

**DERRICK NUTTER, and
KHRISTINA WILLIAMS,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## MANNER AND MEANS OF THE CONSPIRACY

1. Among the manner and means by which the defendants and others conducted and participated in the conspiracy were the following:

2. Members of conspiracy distributed methamphetamine to customers in exchange for United States currency.

3. Members of the conspiracy used residences in and around Baltimore City, Maryland to receive, store, and prepare methamphetamine for distribution.

4. Members of the conspiracy used vehicles and cell phones to facilitate their drug trafficking activity.

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to **DERRICK NUTTER** and **KHRISTINA WILLIAMS**, the amount involved in the conspiracy attributed to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

21 U.S.C. § 846

## COUNT TWO
### (Possession with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about June 12, 2024, in the District of Maryland, the defendant,

**DERRICK NUTTER,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT THREE
**(Possession with Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland further charges that:

On or about June 20, 2024, in the District of Maryland, the defendant,

**DERRICK NUTTER,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## COUNT FOUR
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about June 20, 2024, in the District of Maryland, the defendant,

**DERRICK NUTTER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a 5.56 caliber AR-style pistol privately made firearm with no serial number, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
### (Possession with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about July 25, 2024, in the District of Maryland, the defendant,

**DERRICK NUTTER,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under any of the offenses alleged in Counts One through Five of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count Four of this Indictment, the defendant,

**DERRICK NUTTER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Narcotics Forfeiture

3. Upon conviction of the offense(s) alleged in Counts One through Three or Count Five of this Indictment, the defendants,

**DERRICK NUTTER, and**
**KHRISTINA WILLIAMS,**

shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853(a):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

    b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

7

a. a forfeiture money judgment in the amount each defendant obtained as a result of the offense alleged in Count One;

b. a 5.56 caliber AR-style pistol privately made firearm with no serial number; and

c. approximately thirteen (13) rounds of 5.56 and .223 caliber ammunition.

**Substitute Assets**

5. If any of the property described above, as a result of any act or omission of any defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Erek L. Barron / JGO
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

10-9-24
Date